1  Brian E. Pastuszenski (*pro hac vice*)
   bpastuszenski@goodwinprocter.com
2  John J. Falvey, Jr. (*pro hac vice* forthcoming)
   jfalvey@goodwinprocter.com
3  Matthew G. Lindenbaum (*pro hac vice*)
   mlindenbaum@goodwinprocter.com
4  **GOODWIN PROCTER LLP**
   Exchange Place
5  Boston, MA 02109-2802
   Tel.: 617-570-1000
6  Fax: 617-570-1231

7  Richard M. Wyner (*pro hac vice*)
   rwyner@goodwinprocter.com
8  **GOODWIN PROCTER LLP**
   901 New York Avenue, N.W.
9  Washington, DC 20001-4432
   Tel.: 202-346-4000
10 Fax: 202-346-4444

11 Daniel J. Tyukody (SBN 123323)
   dtyukody@goodwinprocter.com
12 **GOODWIN PROCTER LLP**
   601 South Figueroa Street, 41st Floor
13 Los Angeles, California 90017
   Tel.: 213-426-2500
14 Fax: 213-623-1673

15 *Attorneys for Countrywide Defendants*
   *Countrywide Financial Corporation; Countrywide*
16 *Home Loans, Inc. and CWMBS, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) <br><br> **COUNTRYWIDE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Date: December 18, 2012 <br> Time: 11:00 a.m. <br> Courtroom: 12 <br> Judge: Hon. Mariana R. Pfaelzer |
| ASSET MANAGEMENT FUND, d/b/a AMF FUNDS, et al., <br>               Plaintiffs, <br>     v. <br> BANK OF AMERICA CORPORATION, et al., <br>               Defendants. | Case No. 12-CV-04775-MRP (MANx) |

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2    **PLEASE TAKE NOTICE** that, on December 18, 2012 at 11:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Mariana R. Pfaelzer, United States District Judge, located at 312 N. Spring Street, Courtroom 12, Los Angeles, California, 90012, defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and CWMBS, Inc. (together, the "Countrywide Defendants") will and hereby do move for an order dismissing with prejudice in its entirety the Complaint filed by Asset Management Fund, d/b/a AMF Funds, AMF Intermediate Mortgage Fund, AMF Ultra Short Fund, AMF Ultra Short Mortgage Fund, AMF Short U.S. Government Fund, and AMF U.S. Government Mortgage Fund (together "AMF").

  There are numerous grounds for this motion to dismiss all of AMF's claims. First, all of the claims are time barred. Under New York's borrowing statute, AMF's claims must be timely under the laws of either Florida (Plaintiffs' principal place of business) or Delaware (Asset Management Fund is organized as a Delaware statutory trust). Under those laws, AMF's claims expired either (1) four years after discovery (Florida's statute of limitations) or (2) three years after purchase of the MBS (Delaware's statute of limitations). AMF filed its summons on March 1, 2012, and corrected that summons with a revised exhibit on March 2, 2012. That date is both (1) more than four years after AMF had notice of its claims, which this Court has held occurred no later than February 14, 2008; and (2) more than three years after AMF's purchases, which are alleged to have occurred from April 5, 2006 through February 4, 2008. Accordingly, AMF is foreclosed from asserting claims arising from its Countrywide MBS purchases. Second, the Complaint fails to allege any actionable misstatements in the Offering Documents regarding transfer to the trusts of title to mortgage loans, the LTV/CLTV ratios of the loans, the loans' occupancy status, or the underwriting quality of the loans. Third, AMF has failed to plead facts with the required factual particularity to establish scienter, reliance,

loss causation and injury—other essential elements of its fraud-based claims. Fourth, under either New York or Florida law, AMF's negligent misrepresentation claim (whether premised on title transfer allegations or allegations pertaining to loan characteristics) fails because AMF failed to allege any misrepresentation, the absence of a "special relationship" between the parties (required under New York law), and the fact that the Countrywide Defendants are not in the business of supplying information for the guidance of others and AMF is not within the limited class entitled to receive that information (required under Florida law). Finally, AMF's aiding and abetting claim fails because AMF has failed to plead any underlying fraud and because the Countrywide Defendants are also named as defendants to AMF's fraud claim, and it is well established New York law that a person cannot aid and abet oneself.

For these reasons, AMF has failed to state a claim for which relief may be granted, and each of these claims must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

This motion is made based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other papers, pleadings, documents, arguments of counsel, and materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

Pursuant to Local Rule 7-3, counsel for the Countrywide Defendants conferred telephonically with counsel for Plaintiffs regarding this. The parties were unable to reach agreement.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: October 15, 2012 | Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and CWMBS, Inc. |
| 3 | | |
| 4 | | |
| 5 | | By their attorneys: |
| 6 | | /s/ Brian E. Pastuszenski |
| 7 | | Brian E. Pastuszenski (*pro hac vice*)<br>Daniel J. Tyukody (SBN 123323) |
| 8 | | John J. Falvey, Jr. (*pro hac* forthcoming)<br>Richard M. Wyner (*pro hac vice*)<br>Matthew G. Lindenbaum (*pro hac vice*) |

3
COUNTRYWIDE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT