Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
John J. Falvey, Jr. (*pro hac vice* forthcoming)
jfalvey@goodwinprocter.com
Matthew G. Lindenbaum (*pro hac vice*)
mlindenbaum@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2802
Tel.: 617-570-1000
Fax: 617-570-1231

Richard M. Wyner (*pro hac vice*)
rwyner@goodwinprocter.com
**GOODWIN PROCTER LLP**
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel.: 202-346-4000
Fax: 202-346-4444

Daniel J. Tyukody (SBN 123323)
dtyukody@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213-426-2500
Fax: 213-623-1673

*Attorneys for Countrywide Defendants
Countrywide Financial Corporation; Countrywide
Home Loans, Inc. and CWMBS, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' NOTICE OF AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date: December 18, 2012<br>Time: 11:00 a.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |
| ASSET MANAGEMENT FUND, d/b/a AMF FUNDS, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>BANK OF AMERICA CORPORATION, et al.,<br>　　　　　Defendants. | Case No. 12-CV-04775-MRP (MANx) |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and CWMBS, Inc. (collectively, the "Countrywide Defendants"), by and through their attorneys of record, hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and supporting case law, of the documents and facts listed below in connection with their Motion to Dismiss in the above-captioned actions.

| EXHIBIT | DESCRIPTION |
|---|---|
| 1. | Order on Motions to Dismiss in *Western & Southern Life Ins. Co. v. Countrywide Fin. Corp.* and *Nat'l Integrity Life Ins. Co. v. Countrywide Fin. Corp.*, Nos. 2:11-cv-07166 and 2:11-cv-09889 (C.D. Cal. June 29, 2012) |
| 2. | Excerpts from Amended Complaint in *Dexia Holdings, Inc., et al. v. Countrywide Financial. Corp., et al.*, No. 11-cv-07165 (C.D. Cal.) (filed March 9, 2012) |
| 3. | Excerpts from Complaint in *Thrivent Financial for Lutherans, et al. v. Countrywide Financial Corp., et al.*, No. 11-cv-7154 (Minn. Dist. Ct.) (filed March 24, 2011) |
| 4. | Summons with Notice in *Asset Mgmt. Fund d/b/a AMF Funds, et al. v. Bank of Am. Corp.*, No. 650614/2012 (N.Y. Sup. Ct. Mar. 2, 2012) |
| 5. | Excerpts from Hearing Transcript in *Kemp v. Countrywide Home Loans, Inc.*, No. 08-18700 (Bankr. D.N.J. Nov. 22, 2010) |
| 6. | Excerpts from Pooling & Servicing Agreement for CWMBS 2006-20 (dated December 1, 2006) |
| 7. | Excerpts from Pooling & Servicing Agreement for CWMBS 2007-4 (dated March 1, 2007) |
| 8. | Excerpts from Pooling & Servicing Agreement for CWMBS 2006-HYB3 (dated April 1, 2006) |

9. Excerpts from Pooling & Servicing Agreement for CWMBS 2005-22 (dated September 1, 2005)

10. Excerpts from Prospectus Supplement for CWMBS 2006-20 (dated December 27, 2006)

11. Excerpts from Prospectus Supplement for CWMBS 2007-4 (dated March 29, 2007)

12. Excerpts from Prospectus Supplement for CWMBS 2006-HYB3 (dated April 26, 2006)

13. Excerpts from Prospectus Supplement for CWMBS 2005-22 (dated September 27, 2005)

14. Excerpts from Prospectus for CWMBS 2006-20 (dated November 14, 2006)

15. Amended and Restated Declaration of Trust of Asset Management Fund (dated January 31, 2006)

16. Excerpt from Bank of New York Distribution Report for CWMBS 2006-HYB3 (dated September 20, 2012)

17. Excerpt from Bank of New York Distribution Report for CWMBS 2007-4 (dated September 25, 2012)

18. Excerpt from Bank of New York Distribution Report for CWMBS 2006-20 (dated September 25, 2012)

19. Excerpt from Bank of New York Distribution Report for CWMBS 2006-18 (dated September 25, 2012)

20. Excerpt from Bank of New York Distribution Report for CWMBS 2005-22 (dated September 25, 2012)

21. Excerpt from Bank of New York Distribution Report for CWMBS 2003-56 (dated September 25, 2012)

22. Excerpt from Bank of New York Distribution Report for CWMBS 2007-4 (dated October 25, 2007)

23. Excerpt from Bank of New York Distribution Report for CWMBS 2006-20 (dated January 25, 2008)

| | | |
|---|---|---|
| 24. | Excerpt from Bank of New York Distribution Report for CWMBS 2006-18 (dated April 26, 2010) | |
| 25. | Excerpt from Bank of New York Distribution Report for CWMBS 2006-HYB3 (dated July 20, 2010) | |
| 26. | Excerpt from Bank of New York Distribution Report for CWMBS 2005-22 (dated July 26, 2010) | |
| 27. | Excerpt from Bank of New York Distribution Report for CWMBS 2003-56 (dated May 25, 2010) | |

This request is based on the attached Memorandum of Points and Authorities, the papers, records, and pleadings on file, and any additional argument or evidence permitted at the hearing on the Countrywide Defendants' Motion to Dismiss.

Dated: October 15, 2012

**GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Daniel J. Tyukody  (SBN 123323)
John J. Falvey, Jr. (*pro hac vice* forthcoming)
Richard M. Wyner (*pro hac vice*)
Matthew G. Lindenbaum (*pro hac vice*)

*Counsel for the Countrywide Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 201 provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). As set forth below, the documents submitted in support of the Countrywide Defendants' Motion to Dismiss are properly subject to judicial notice.

Exhibit 1 is an order that was filed with this Court in an action involving similar allegations against Countrywide: *Western & Southern Life Ins. Co. v. Countrywide Fin. Corp.* and *Nat'l Integrity Life Ins. Co. v. Countrywide Fin. Corp.*, Nos. 2:11-cv-07166 and 2:11-cv-09889 (C.D. Cal. June 29, 2012) ("*Western & Southern*"). Exhibits 2-3 are copies of public complaints filed against the Countrywide Defendants that make allegations of misconduct similar to those made by AMF here. Exhibit 4 is the Summons with Notice AMF originally filed in New York state court: *Asset Mgmt. Fund d/b/a AMF Funds, et al. v. Bank of Am. Corp.*, 650614/2012 (N.Y. Sup. Ct. Mar. 2, 2012). Exhibit 5 is an excerpt from a Hearing Transcript in *Kemp v. Countrywide Home Loans, Inc.*, No. 08-18700 (Bankr. D. N.J. Nov. 22, 2010) regarding the testimony of Linda DeMartini.[1] This Court may take judicial notice of pleadings and papers filed with it and with other courts in related actions. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in related action); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)

---

[1] The Court may properly take judicial notice of the testimony of Linda DeMartini for the additional reason that the testimony is quoted and incorporated by reference in the underlying Complaint. *See* Complaint ¶ 258; *see also In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded on other grounds by statute* (courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading").

4

1  (same); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1217-18 (S.D. Cal.
2  2001) (judicial notice of court filings in present action); *Kuan v. United States*
3  *Customs Serv.*, No. 08-1980, 2009 WL 6340016, at *1 n.3 (C.D. Cal. Dec. 16, 2009)
4  ("The Court may take judicial notice of matters of public record, including court
5  records in a related proceeding."); *In re Edward Jones Holders Litig.*, 453 F. Supp.
6  2d 1210, 1217 n.8 (C.D. Cal. 2006) (taking judicial notice of related proceedings);
7  *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) ("Judicial
8  notice is properly taken of orders and decisions made by other courts or
9  administrative agencies."); *San Francisco Baykeeper v. West Bay Sanitary Dist.*,
10 No. 09-5676, 2011 WL 1990637, at *6 (N.D. Cal. May 23, 2011) (court takes
11 judicial notice of hearing transcript).

12       Exhibits 6-15 are documents that were publicly filed with the Securities and
13 Exchange Commission ("SEC"), and also incorporated by reference in the
14 underlying Complaint on which AMF necessarily relies in bringing its claims.[2]  It is
15 well-settled that the Court may take judicial notice of SEC filings on a motion to
16 dismiss.  *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In*
17 *re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008)
18 ("[P]ublic filings with the SEC are properly the subject of judicial notice in a motion
19 to dismiss"); *In re Computer Scis. Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8
20 (C.D. Cal. 2007) (same); *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 n.1
21 (C.D. Cal. 1997) (courts "may take judicial notice of the contents of relevant public
22 disclosure documents required to be filed with the SEC as facts capable of accurate
23 and ready determination by resort to sources whose accuracy cannot reasonably be
24 questioned") (internal quotation omitted).  The Court may properly consider
25 Exhibits 6-15 because they are matters of public record filed with the SEC.

---

[2] In the interests of efficiency, the Countrywide Defendants have submitted excerpts from these documents.  Of course, the Countrywide Defendants will submit the documents in their entirety at the Court's request.

1   Moreover, AMF cites heavily to prospectus supplements in its Complaint.
2  *See, e.g.*, Complaint ¶¶ 83-87, 104, 213, 216, 218, 245-46.  Thus, the Court may
3  properly take judicial notice of these exhibits for the additional reason that they are
4  documents on which AMF necessarily relies in bringing its claims.  *See In re*
5  *Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010) ("The rule
6  applies to documents that form the basis of a plaintiff's case or documents that are
7  quoted extensively on the theory that such documents are not truly 'outside' the
8  complaint."); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.
9  1999), *superseded on other grounds by statute* (courts may consider documents
10 "whose contents are alleged in a complaint and whose authenticity no party
11 questions, but which are not physically attached to the . . . pleading").

12   For the same reasons, the Court should take judicial notice of Exhibits 6-9
13 (excerpts of Pooling and Servicing Agreements ("PSAs")) because they are
14 incorporated by reference in the Complaint.  *See* Complaint ¶ 254 (stating that
15 pooling and servicing agreements require promissory notes to be endorsed by the
16 transferor).

17   Finally, Exhibits 16-27 are excerpts from recent monthly trustee reports that
18 detail the principal and interest payments made to the holders of the MBS at issue,
19 total reported delinquency rates for each Certificate's underlying notes, and the
20 number of foreclosures made on loans underlying each securitization.  As alleged
21 holders of MBS Certificates, AMF knew of or had these documents in its possession
22 and necessarily relied on them in filing its Complaint, which cite delinquency data
23 from the documents.  *See* Complaint ¶ 254, Ex. 3.  Further, the authenticity of these
24 trustee reports cannot reasonably be questioned.  Accordingly, these documents are
25 properly considered in deciding a motion to dismiss.  *See, e.g.*, *Parrino v. FHP, Inc.*,
26 146 F.3d 699, 706 (9th Cir. 1998), *superseded on other grounds by statute* (court
27 may consider "documents crucial to the plaintiff's claims, but not explicitly
28 incorporated in his complaint"); *Easysaver*, 737 F. Supp. 2d at 1166 ("The rule

applies to documents that form the basis of a plaintiff's case or documents that are quoted extensively on the theory that such documents are not truly 'outside' the complaint."); *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 623 (S.D.N.Y. 2007) ("In deciding motions to dismiss, the Court may consider documents that are referenced in the Complaint, documents that the plaintiffs relied on in bringing suit and that are in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken.").

## CONCLUSION

For all of the above reasons, the Countrywide Defendants respectfully requests that this Court take judicial notice of Exhibits 1-27 filed in support of their Motion to Dismiss.

Dated: October 15, 2012                **GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski_____
Brian E. Pastuszenski (*pro hac vice*)
Daniel J. Tyukody (SBN 123323)
John J. Falvey, Jr. (*pro hac vice* forthcoming)
Richard M. Wyner (*pro hac vice*)
Matthew G. Lindenbaum (*pro hac vice*)

*Counsel for the Countrywide Defendants*